UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

v.

SUSAN R. CORBIN and JOHN DOES,

        Defendants.
_____/

Case No. 2:21-cv-11857-DML-JJCG
District Judge David M. Lawson
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

**I.  Procedural History**

On August 5, 2021, Michael Garrison filed this *pro se* complaint under 42 U.S.C. § 1983 against Susan R. Corbin and five John Does associated with the Michigan Unemployment Insurance Agency. (ECF No. 1.) Judge David M. Lawson granted Garrison's application to proceed *in forma pauperis*. (ECF No. 6.) On October 12, 2021, the Court issued an order directing Garrison to complete and present to the Clerk's Office service documents within 14 days of the order. (ECF No. 10.) The Court also directed the United States Marshals Service to effect service upon receipt of the service documents. *Id.*

On October 26, 2021, Garrison moved to extend the deadline for completing the service documents. (ECF No. 11.) The Court granted his motion, ordering him to complete service documents by November 9, 2021. Garrison did not submit any documents. On December 14, 2021, the Court ordered Garrison to show cause why his

case should not be dismissed for failure to prosecute and timely serve defendants. (ECF No. 12.)

To date, Garrison has neither filed a response to the Court's order to show cause nor provided the service documents. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that Garrison's complaint against Susan R. Corbin and the five John Does be **DISMISSED** without prejudice under Rule 41(b), Local Rule 41.2, and Rule 4(m).

## II.     Dismissal Under Rule 41(b) and Local Rule 41.2

Under Federal Rule of Civil Procedure 41(b), federal courts may *sua sponte* dismiss a claim for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x. 294, 296 (6th Cir. 2001). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion." *Link*, 370 U.S. at 629. Further, the local rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Sixth Circuit considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, the factors weigh in favor of dismissal.

The first factor weighs in favor of dismissal. To support a finding that a plaintiff was motivated by willfulness, bad faith, or fault, the plaintiff "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). In failing to comply with the Court's order to provide service documents (ECF No. 10) and order to show cause (ECF No. 12), Garrison has neglected to pursue his case. His conduct shows "willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739 (citations and internal quotations omitted).

As to the second factor, there is no evidence that Garrison's dilatory conduct prejudiced Susan R. Corbin and the five John Does. To find prejudice, courts examine whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, because the defendants were never served, they have not expended resources for their defense. This factor therefore does not weigh in favor of dismissal.

The third factor weighs heavily in favor of dismissal because of the Court's order to show cause. After Garrison failed to complete the service documents, the Court

ordered Garrison to show cause why the action should not be dismissed for failure to effectuate service. (ECF No. 12.) In the order, the Court warned Garrison that failure to respond would result in a recommendation for a Rule 4(m), Rule 41(b), and Local Rule 41.2 dismissal. *Id.* Garrison did not respond to this warning.

The fourth factor also clearly weighs in favor of dismissal. In issuing an order to show cause, the Court granted Garrison more time to effect service, thereby attempting less drastic measures. (ECF No. 12.) Under these circumstances, dismissal is the only "appropriate remedy available." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (finding that a plaintiff effectively abandoned their case after failing to respond to an order to show cause). Because of Garrison's failure to respond to the order to show cause, the undersigned finds no utility in imposing or considering lesser sanctions.

On balance, three of the factors support dismissal for failure to prosecute.

### III. Dismissal Under Rule 4(m)

Pursuant to Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss an action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Additionally, the Federal Rules of Civil Procedure compel dismissal where the plaintiff does not establish "good cause to justify a failure of timely service." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Here, the record demonstrates that 175 days have elapsed from the date Garrison filed his complaint. Although the Court notified Garrison that he had not completed the service documents (ECF No. 12), he made no effort to do so. The Court finds that Garrison has failed to establish good cause to justify his failure to effect timely service.

### IV. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that Garrison's complaint be dismissed without prejudice under Rule 41(b), Local Rule 41.2, and Rule 4(m).

>s/**Jonathan J.C. Grey**
>Jonathan J.C. Grey
>United States Magistrate Judge

Dated:  January 27, 2022

### Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2022.

                                                      s/ **S. Osorio**
                                                      Sandra Osorio
                                                      Case Manager